# IN THE COURT OF APPEALS OF IOWA

No. 16-1062
Filed August 17, 2016

**IN THE INTEREST OF H.T.,**
**Minor child,**

**H.T., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.


        A father appeals the adjudication of his son to be in need of assistance.
**AFFIRMED.**


        Kimberly A. Voss-Orr of Law Office of Kimberly A. Voss-Orr, Ames, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Daniela Matasovic of Matasovic Law Firm, Ames, for appellee mother.

        Pat Peters of Payer, Hunziker, Rhodes & Peters, L.L.P., Ames, for minor child.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

There is a line between disciplining a child and abusing a child. The father of a twelve-year-old boy crossed that line, causing bodily injury to his son. For that reason, we agree with the district court and affirm the determination the child is in need of assistance.

On May 9, 2016, the child, H.T., born 2003, was adjudicated to be a child in need of assistance (CINA) under Iowa Code section 232.2(6)(b) and (c)(2) (2015),[1] with a dispositional order entered on June 7. The adjudication came after what the district court determined was a long period of physical abuse. The father was very strict with his son, demanding high levels of performance in all areas of his education. In particular, the father insisted the child learn the father's native Chinese language and culture. While admirable in his lofty goals for his son, the father used harsh means to force the son's obedience. For example, the father would lay a plank of wood next to the child as a reminder to the child he would be struck with the plank if he did not study according to the father's demands. The child was frequently beaten with the plank, a thick wooden dowel, or a stiff plastic ruler so hard that the instruments would leave

---

[1] Iowa Code section 232.2(6)(b) and (c)(2) define a child in need of assistance as:
> an unmarried child:
> . . . .
> b. Whose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to abuse or neglect the child.
> c. Who has suffered or is imminently likely to suffer harmful effects as a result of any of the following:
> . . . .
> (2) The failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child.

bruising. The mother attempted many times to intervene, only to find herself on the receiving end of the father's assaultive behavior. Unable to restrain the father so as to protect the child, the mother contacted the Iowa Department of Human Services for assistance. On March 5, 2016, the father had once again struck the child, this time leaving a hematoma, or "goose egg," as the mother described the injury, on the child's head. The father was arrested and charged with child endangerment resulting in bodily injury, under Iowa Code section 726.6(6). A no-contact order issued in the criminal proceeding, keeping the child safe in the home yet away from the presence of the father.[2] Following the juvenile dispositional hearing, the father appealed.

Our review of the evidence in a CINA proceeding is de novo. *In re B.B.*, 500 N.W.2d 9, 11 (Iowa 1993).

The father asserts his harsh methods of "discipline" are in accord with the way he was raised, consistent with his rural Chinese cultural norms. Therefore, he asserts the State failed to prove by clear and convincing evidence the child was physically abused or the father had failed to exercise a reasonable degree of care in supervising the child. The mother, also a native of China, disagreed, claiming the father suffers from depression and anger issues.

Shortly before the March 5 incident, the child sent a text message to his mother stating: "I think today might be when I die. I hate that sorry excuse for a dad so much. He said held [sic] beat me to death with a plank, and he hit me continually and threatened to kill me."

---

[2] The dispositional order indicated the no-contact order would likely be modified to allow supervised visitation between the child and the father.

The district court concluded the message had been accurately interpreted by the mother as a cry for help. The court also found:

> The father has terrorized and physically abused the child over the course of time. He has admitted to the abuse, but denies responsibility as an attempt to justify it. The father's justification that the abuse is culturally based or is somehow otherwise inflicted as discipline or correction to motivate other behaviors by the child is not supported by the facts of this case.

Iowa "recognizes parents have a right to inflict corporal punishment on their child, but that right is restricted by moderation and reasonableness." *State v Arnold*, 543 N.W.2d 600, 603 (Iowa 1996). The punishment crosses the line from corrective to abusive, when the amount of force used is excessive, when considering the child's "age, physical condition, and other characteristics of a child as well as with the gravity of the child's misconduct." *Id.*

We agree in this case the father's actions crossed the line. We therefore conclude the district court was correct in finding the State had proved by clear and convincing evidence the grounds under Iowa Code section 232.2(6)(b) and (c)(2), specifically that the father "physically abused" the child and failed "to exercise a reasonable degree of care in supervising the child."

**AFFIRMED.**